UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON TECHNOLOGIES, INC., et al.,

    Plaintiffs,

v.

LI QIANG, et al.,

    Defendants.

Case No. C23-1060-TL-SKV

ORDER GRANTING EX PARTE MOTION FOR ALTERNATIVE SERVICE

## INTRODUCTION

Plaintiffs Amazon Technologies, Inc., Amazon.com, Inc., and Amazon.com Services LLC (collectively "Amazon") filed an *Ex Parte* Motion for Alternative Service. Dkt. 11. Amazon seeks an order authorizing completion of service of process by email on Defendants Li Qiang (Qiang) and Shenzhen Yinxi Electronic Commerce Co., Ltd (Shenzhen Yinxi) (collectively "Defendants"). The Court, having considered the motion, all documents filed in support, and the balance of the record, herein GRANTS Plaintiffs' motion for the reasons set forth below.

## BACKGROUND

This matter involves allegations of trademark infringement, false designation of origin and false advertising under the Lanham Act and violations of the Washington Consumer

ORDER GRANTING EX PARTE MOTION FOR
ALTERNATIVE SERVICE - 1

1  Protection Act associated with the sale of counterfeit Amazon Fire TV remotes in the
2  Amazon.com store (Amazon Store).  Dkt. 1.  Plaintiffs allege Defendants sold counterfeit goods
3  through an Amazon Selling Account named ROMJGTX-REMOTEERA (the "ROM Selling
4  Account").  *Id*.  Defendants used the email address eleceraremo@outlook.com to create the
5  ROM Selling Account, access Amazon "Seller Central", and conduct business through the
6  account.  Dkt. 12, ¶¶4-5.  This email address also served as the primary means of communication
7  between Amazon and Defendants.  *Id*.

8  In seeking to determine a physical address for Defendants, Amazon enlisted a private
9  investigator to research the contact information provided by Defendants when registering the
10 ROM Selling Account.  Dkt. 13, ¶2.  That information included a physical address in Shenzhen,
11 China.  *Id*., ¶¶2-3.  The investigator confirmed that Defendants continued to occupy that address
12 as of August 2022, and further confirmed that Qiang was the legal representative of Shenzhen
13 Yinxi named in China's National Enterprise Credit Information Publicity System, a public
14 company database.  *Id*., ¶3.  However, when the investigator returned in August 2023,
15 Defendants were no longer located at the address.  *Id*.  The address was occupied by an unrelated
16 company and the building manager informed the investigator Defendants vacated the office in
17 April 2023, without leaving a forwarding address.  *Id*.  The investigator further determined that,
18 at that time, China's National Enterprise Credit Information Publicity System listed Shenzhen
19 Yinxi's status as cancelled.  *Id*.

20 Amazon's investigation into Defendants also included a request to Payoneer, Inc.
21 (Payoneer), the payment service provider for the virtual bank account linked to the ROM Selling
22 Account.  *Id*., ¶4.  Payoneer provided information confirming Qiang was the owner of the linked
23 Payoneer account and that Payoneer had received funds from the Selling Account.  *Id*.  The

information also showed that Defendants provided Payoneer the same physical address in China and the same email address provided to Amazon, and that the IP addresses from which Defendants accessed their Payoneer account were located in China. *Id.*

Amazon was not able to find a current, valid physical address for Defendants. *Id.*, ¶¶3, 5. Amazon now seeks an order from the Court granting leave to serve Defendants through the following email address: eleceraremo@outlook.com. Amazon notes that this is the same email address Defendants used to register the ROM Seller Account, access Seller Central, and do business in the Amazon Store, was the primary means of communication between Amazon and Defendants, and was used to conduct business with Payoneer. Dkt. 12, ¶¶4-5; Dkt. 13, ¶¶4-5. Amazon further notes that, on October 24, 2023, Amazon emailed Defendants at this email address, apprising Defendants of the pending action and providing copies of the Complaint, civil cover sheet, and summonses, and did not receive error notices, bounce-back messages, or any other indication that the emails had not been delivered. Dkt. 13, ¶¶6-7. *Id*. Amazon seeks to serve Defendants using RPost (www.rpost.com), an online service for service of process. *Id.*, ¶9.

## DISCUSSION

Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign countries by: (1) internationally agreed means of service reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, in accordance with the foreign country's law; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). To obtain a court order under Rule 4(f)(3), a plaintiff must

ORDER GRANTING EX PARTE MOTION FOR
ALTERNATIVE SERVICE - 3

1  "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

In addition to the requirements of Rule 4(f), "a method of service of process must also comport with constitutional notions of due process."  *Id*.  "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

A.      Rule 4(f)

Amazon asserts its inability to locate a physical address for Qiang or Shenzhen Yinxi.  Dkt. 13, ¶¶2-5.  Amazon's investigation shows Defendants are likely located in China.  *Id*.  China has been a party to the Hague Convention since 1992.  *See* Contracting Parties to Hague Convention, https://www.hcch.net/en/instruments/ conventions/status-table/?cid=17 (last visited October 27, 2023).  The Hague Convention expressly "shall not apply where the address of the person to be served with the document is not known."  Hague Convention, T.I.A.S. No. 6638 (Feb. 10, 1969), 20 U.S.T. 361, 1969 WL 97765.  Here, because Amazon has been unable to locate a physical address for Qiang or Shenzhen Yinxi, Amazon could not utilize methods authorized by the Hague Convention.  Moreover, because the Convention does not apply, it does not bar service by email.

Whether or not the Hague Convention applies, this Court and other courts have concluded that email service on individuals located in China is not prohibited by the Hague Convention or by any other international agreement.  *See, e.g., Rubie's Costume Co., Inc. v. Yew Hua Hao Toys Co.*, C18-1530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019)

(email service in China "not expressly prohibited by international agreement"). *See also Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, No. C21-0766-RSM, 2021 WL 4307067, at *1-2 (W.D. Wash. Sept. 22, 2021) (stating "courts in this district regularly authorize requests for service by email on foreign defendants in countries that are parties to the Convention" and granting motion for alternative service in China and Hong Kong).

Amazon here demonstrates the need for the Court's intervention. The Court further finds that service by email is not prohibited by international agreement. Amazon therefore shows that an Order permitting service by email comports with Rule 4(f).

B. Due Process

The Court must also determine whether service of process on Qiang and Shenzhen Yinxi through email would comport with due process. That is, the Court must consider whether this method of service is "reasonably calculated, under all the circumstances," to apprise Defendants of this action and afford them the opportunity to object. *Mullane*, 339 U.S. at 314.

Amazon shows that Qiang and Shenzhen Yinxi are responsible for the Payoneer account associated with the ROM Selling Account, and that the email address eleceraremo@outlook.com was used to register the ROM Selling Account, conduct business on Amazon and with Payoneer, and was the primary means of communication between Amazon and Defendants. Dkt. 12, ¶¶4-5; Dkt. 13, ¶¶4-6. Amazon also shows that the email address remains active, as demonstrated by a test email sent successfully and with no indication of a failure to deliver. Dkt. 13, ¶7. Amazon argues that this showing supports the conclusion that service on Defendants by email is reasonably calculated to provide actual notice.

As found by the Ninth Circuit, the decision to allow service by email lies within the district court's discretion where the defendant has "structured its business such that it could be

contacted *only* via its email address" and "designated its email address as its preferred contact information." *Rio Props., Inc.*, 284 F.3d at 1018 (emphasis in original). The situation here is somewhat less clear because Amazon shut down the ROM Selling Account. *See* Dkt. 1, ¶43. As a result, Defendants no longer conduct business with Amazon through the account. Amazon has, however, verified that the email address used to register and otherwise associated with the ROM Selling Account remains active.

This Court has concluded that the due process requirement for alternative service by email is satisfied "when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages." *Amazon.com Inc. v. KexleWaterFilters*, C22-1120-JLR, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023). The Court has, accordingly, authorized service by email where plaintiffs identified email addresses defendants used for Amazon Selling Accounts and verified the addresses remained active, finding sufficient indicia that the defendants were likely to receive notice if served by email and due process concerns satisfied. *See, e.g.*, *Amazon.com, Inc. v. Pengyu Bldg. Materials*, No. C21-0358-JNW-SKV, 2023 WL 4131609, at *3-4 (W.D. Wash. June 22, 2023); *KexleWaterFilters*, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023); *Amazon.com Inc. v. Bamb Awns*, No. C22-402-MLP, 2023 WL 2837076, at *3 (W.D. Wash. Apr. 7, 2023). *Accord Bright Sols. for Dyslexia, Inc. v. Lee*, C15-1618, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) (finding service by email proper "because Defendants structured their counterfeit business such that they could only be contacted by email[,]" the court authorized service by email, and the emails sent did not bounce back as undeliverable), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018). In contrast, where plaintiffs did not indicate whether they had attempted to contact any defendants using email addresses associated with Amazon Selling Accounts, nor represented the

1  defendants had notice of the lawsuit, the Court denied service by email upon finding a failure to

2  demonstrate the email addresses were still valid.  *KexleWaterFilters*, 2023 WL 2017002, at *2, 4

3  (permitting plaintiffs to "renew their motion with evidence of recent communications to

4  Defendants that demonstrates that service by email is a reliable method to provide Defendants

5  with notice of the pendency of [the] action."), *renewed motion granted*, *KexleWaterFilters*, 2023

6  WL 3902694, at *2.  *See also Amazon.com, Inc. v. Tian Ruiping*, No. C21-0159-TL, 2022 WL

7  486267, at *3-5 (W.D. Wash. Feb. 17, 2022) (denying alternative service by email where

8  plaintiffs had obtained physical addresses for defendants, but did not demonstrate the addresses

9  were incorrect or inadequate for service, did not show any defendant was aware of the pending

10 action, and did not indicate any attempts to contact defendants, including attempted

11 communication via email, through Selling Accounts, or by any other means).

12    Amazon here demonstrates that Qiang and Shenzhen Yinxi no longer occupy the only

13 physical address obtained in relation to them and the ROM Selling Account.  Amazon also

14 demonstrates that the email address used by Qiang and Shenzhen Yinxi to register the ROM

15 Selling Account, serving as the primary means of communication with Amazon, and used to

16 conduct business in the Amazon Store and with Payoneer remains active.  Together, these

17 circumstances provide sufficient indicia that Qiang and Shenzhen Yinxi are likely to receive

18 notice if served by email.  The Court therefore finds service through email is reasonably

19 calculated to apprise Qiang and Shenzhen Yinxi of this action and provide an opportunity to

20 respond, and thus satisfies concerns of due process.

21                                             CONCLUSION

22    The Court, in sum, GRANTS Amazon's *Ex Parte* Motion for Alternative Service.  Dkt.

23 11.  Specifically, the Court authorizes Amazon to serve Defendants Qiang and Shenzhen Yinxi at

the following email address: eleceraremo@outlook.com.  Amazon is ORDERED to complete service and file proof of service by **November 13, 2023**.

Dated this 30th day of October, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge